UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


SEGAL RADHI                                          CIVIL ACTION

VERSUS                                              NO. 25-1845

NATIONAL FLOOD                                     SECTION M (4)
INSURANCE PROGRAM, *et al.*


**ORDER & REASONS**

Before the Court is a motion for summary judgment filed by defendant Karen S. Evans, in her official capacity as the Senior Official Performing the Duties of the Administrator of the Federal Emergency Management Agency ("FEMA").[1]  Plaintiff Segal Radhi responds in opposition,[2] and FEMA replies in further support of its motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because Radhi's suit was not filed timely as to her claim arising from the April 2024 flood loss and she failed to submit a timely signed and sworn proof of loss as to the September 2024 flood loss.

I.     **BACKGROUND**

This case concerns a flood insurance coverage dispute.  Radhi owns a property located in Metairie, Louisiana (the "property"), that was covered by a Standard Flood Insurance Policy ("SFIP") issued directly by FEMA pursuant to the National Flood Insurance Program ("NFIP") and the National Flood Insurance Act of 1968, as amended.[4]  The policy provided building damage

---

[1] R. Doc. 10.
[2] R. Doc. 11.
[3] R. Doc. 12.
[4] R. Docs. 1 at 1-3; 10-2 at 2.

coverage in the amount of $250,000, subject to a $1,250 deductible, and contents coverage in the amount of $100,000, subject to a separate $1,000 deductible.[5]

On April 10, 2024, the property was damaged by floodwaters.[6]  Radhi notified FEMA of the loss on May 7, 2024.[7]  Dustin Rodes, an NFIP authorized adjuster with Jackson Adjustment Company, Inc. ("Jackson Adjustment"), was assigned to Radhi's file as a courtesy to assist Radhi pursuant to article VII(G)(5) and (7) of the SFIP.[8]  Radhi made the property available for inspection by Rodes on May 23, 2024.[9]   Rodes estimated damages in the amount of $10,403.53 (after application of the deductible) and prepared a proof of loss in that amount, which Radhi signed on July 16, 2024.[10]  However, two issues arose – namely, (1) evidence of waterlines in the garage and (2) whether anything in the garage would be covered.[11]  Radhi provided additional information pertinent to the garage and three items were added to the adjuster's estimate, resulting in a revised proof of loss in the amount of $11,314.13, which Radhi signed on August 10, 2024.[12]

On August 20, 2024, FEMA sent Radhi a letter denying coverage for the outside air conditioning condensers because the water did not reach high enough to damage their mechanical components.[13]  On October 25, 2024, FEMA sent Radhi a second denial letter pertaining to the April 2024 loss, this time denying coverage for the kitchen cabinets because they were not directly damaged by floodwaters.[14]   On July 16, 2025, FEMA sent Radhi a third denial letter pertaining to the April 2024 loss, this time denying coverage for "the replacement of the kitchen cabinets,

---

[5] R. Docs. 1 at 3; 10-2 at 2.
[6] R. Docs. 1 at 3; 10-2 at 2.
[7] R. Docs. 1 at 3; 10-2 at 2.
[8] R. Docs. 1 at 4; 10-2 at 2.
[9] R. Docs. 1 at 4; 10-2 at 3.
[10] R. Docs. 1 at 4; 10-2 at 3, 7.
[11] R. Doc. 10-2 at 3.
[12] *Id.* at 3-4, 71.
[13] *Id.* at 4, 118-20.
[14] *Id.* at 4, 121-22.

windows, exterior doors, refrigerator, the RMPS Services estimate along with replacement and repair of the a/c units as there [was] no verifiable flood damage to the[se] items."[15]

Radhi alleges that, on September 11, 2024, the property was damaged anew by floodwaters.[16]  She notified FEMA of the loss on or about September 25, 2024, and Jackson Adjustment was assigned to the loss.[17]  The file was again assigned to Rodes, who initially thought that this notice was a request for additional payment from the April 2024 loss.[18]  Radhi clarified that it was a new loss and the claim was reassigned to a different adjuster, Justin Drouant.[19]  On October 26, 2024, FEMA sent Radhi a letter advising her that she had to submit a proof of loss with supporting documentation by November 10, 2024 (that is, within 60 days after the September 11, 2024 loss).[20]  On October 31, 2024, FEMA sent Radhi a letter denying coverage for the September 11 loss because the adjuster did not see "evidence of a General Condition of Flooding (GCF) at [the property] on the reported date of loss of September 11, 2024, and that [she was] actually claiming additional damage from the loss that occurred on April 10, 2024."[21]  Radhi made the property available for inspection on November 11, 2024.[22]  The adjuster did not see a "flood line on the exterior or interior of" the property, but noted that Radhi promised to provide additional documentation.[23]  Radhi continued to pursue payment for the September 2024 loss, and another denial letter was set on August 13, 2025, again stating that there was "no direct physical damage by flood."[24]

---

[15] *Id.* at 128-29.
[16] R. Doc. 1 at 3.
[17] R. Docs. 1 at 5; 10-2 at 4.
[18] R. Doc. 10-2 at 5.
[19] *Id.*
[20] *Id.* at 5, 124.
[21] *Id.* at 5, 125.
[22] *Id.* at 5.
[23] *Id.* at 5, 127.
[24] *Id.* at 6, 130-31 (quote at 130).

Radhi filed this suit against FEMA on September 8, 2025, alleging that FEMA breached the insurance policy by failing to pay an adequate amount to cover her losses.[25]  FEMA now moves for summary judgment, arguing that Radhi's claim pertaining to the April 2024 loss was not filed timely and that her claim pertaining to the September 2024 loss is barred because she failed to submit a timely signed and sworn proof of loss as to that claim.[26]

## II.    LAW & ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56.  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact.  *Id*. at 323.  If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact.  *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The substantive law identifies which facts are material.  *Id*.  Material facts are not genuinely disputed when a

---

[25] R. Doc. 1.
[26] R. Doc. 10.

4

rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could

support a judgment in favor of the nonmovant, summary judgment must be granted.  *See Little*, 37 F.3d at 1075-76.

### B.  The April 2024 Loss – Time Bar

FEMA, citing 42 U.S.C. § 4072 and the "Suit Against Us" section of the SFIP (44 C.F.R. § 61 app. A(1), art. VII(O)), argues that Radhi's breach-of-contract claim related to the April 2024 loss is time-barred because she failed to file suit within one year of the mailing of the August 20, 2024 partial-denial letter.[27]   In opposition, Radhi argues that FEMA should be estopped from invoking the statutory one-year limitations period because FEMA continued to adjust the claim after August 20, 2024, and the denial letters are interrelated transactions, meaning, in her view, that the last one issued in July 2025 should be the denial deemed to have started the filing clock.[28] FEMA replies, arguing that its continued consideration of Radhi's claim after issuance of the August 20, 2024 partial-denial letter does not equate to a waiver of the limitations period, which is mandated by federal law.[29]   FEMA's position is correct.

Section 4072 provides that:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and ***upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator***, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in the controversy.

---

[27] R. Doc. 10-1 at 6.
[28] R. Doc. 11 at 5-11.
[29] R. Doc. 12 at 4-6.

42 U.S.C. § 4072 (emphasis added). The "Suit Against Us" section of the SFIP essentially incorporates § 4072 into the policy and provides:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R. § 61 app. A(1), art. VII(O).

Under both § 4072 and the SFIP, the August 20, 2024 partial-denial letter triggered the one-year statute of limitations for Radhi to file suit against FEMA. In fact, that letter explicitly informed Radhi that "Federal law permits you to file suit in the Federal District Court where the damage occurred within one year of when your insurer first denied all or part of your claim."[30] It also stated that Radhi could file an appeal, but that "[f]iling an appeal does not extend the one-year timeframe to file suit against your insurer."[31] In *Cohen v. Allstate Insurance Company*, the Fifth Circuit recognized that the SFIP's limitations period, which is also stated in § 4072, must be strictly construed, and a disallowance of all or part of a claim always starts the clock. 924 F.3d 776, 780 (5th Cir. 2019). Indeed, in *Cohen*, as here, the insurer continued to adjust the claim after issuance of a partial denial. *See Cohen v. Allstate Ins. Co.*, 2018 WL 1144761, at *7 (S.D. Tex. Mar. 2, 2018), *aff'd*, 924 F.3d 776. Nevertheless, the Fifth Circuit, strictly construing the applicable law, held that the limitations period began to run from the issuance of the partial-denial letter. *Cohen*, 924 F.3d at 780-82. Accordingly, Radhi's breach-of-contract claim regarding the April 2024 loss, which was filed more than a year after issuance of the first partial-denial letter, is time-barred.

---

[30] R. Doc. 10-2 at 120.
[31] *Id.*

**C.  The September 2024 Loss – Failure to Submit a Proof of Loss**

FEMA, citing the "Requirements in Case of Loss" (44 C.F.R. § 61 app. A(1), art. VII(G)), and the "Suit Against Us" (44 C.F.R. § 61 app. A(1), art. VII (O)) sections of the SFIP, argues that Radhi cannot recover on her breach-of-contract claim related to the September 2024 event because she failed to submit a timely signed and sworn proof of loss.[32]  In opposition, Radhi argues that she should be excused from the proof-of-loss requirement because FEMA inadvertently denied the claim before inspecting the property, the adjuster did not prepare a proof-of-loss form for her, and FEMA's direction to appeal precludes enforcement of the proof-of-loss requirement.[33]  FEMA replies, arguing that Radhi has cited no legal authority for her position that she should be excused from the proof-of-loss requirement and, in contrast, FEMA has shown that "the Fifth Circuit has routinely held that there must be a timely and SFIP-compliant Proof of Loss submitted for the amounts in controversy."[34]  FEMA further points out that the onus is on Radhi to prepare and submit a proof of loss, not the adjuster.[35]

The SFIP's proof-of-loss requirements, as relevant to the instant motion, are detailed in articles VII(G)(4) and (5) of the SFIP, which provide:

> In case of a flood loss to insured property, you must:
>
> . . . .
>
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>> a. The date and time of loss;
>>
>> b. A brief explanation of how the loss happened;
>>
>> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

---

[32] R. Doc. 10-1 at 7-10.
[33] R. Doc. 11 at 11-17.
[34] R. Doc. 12 at 2.
[35] *Id.* at 3

8

d. Details of any other insurance that may cover the loss;

e. Changes in title or occupancy of the insured property during the term of the policy;

f. Specifications of damaged buildings and detailed repair estimates;

g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

h. Details about who occupied any insured building at the time of loss and for what purpose; and

i. The inventory of damaged personal property described in G.3 above.

5.  In completing the proof of loss, you must use your own judgment concerning the amount of loss and justify that amount.

44 C.F.R. § 61 app. A(1), art. VII(G)(4)-(5).  Article VII further states that:

The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it.  However, this is a matter of courtesy only, and *you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it*.

44 C.F.R. § 61 app. A(1), art. VII(G)(7) (emphasis added).

It is undisputed that Radhi failed to submit a timely signed, sworn proof of loss for the September 2024 event.  The law is clear that the provisions of the SFIP "must be strictly construed and enforced," because SFIP claims are paid from the federal treasury.  *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998).  To that end, the Fifth Circuit has said that "[r]equiring [litigants] to turn square corners when dealing with the Treasury does not reflect a callous outlook [but rather] expresses the duty of all courts to observe the conditions defined by Congress for charging the public treasury."  *Id.* at 955 (quotation omitted).  Indeed, "no provision of the [SFIP] can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator."  *Id.* at 953.  To that end, "an insured cannot file a lawsuit seeking further federal benefits under the [flood] policy unless the insured can show prior compliance with all policy requirements."  *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir.

2008); *see also* 44 C.F.R. § 61 app. A(1), art. VII(O) ("You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy."). One such unalterable, invariable, and unwaivable requirement is that the insured timely submit a signed and sworn proof of loss as required by article VII(G)(4)-(5). Where a flood-insurance claim is at issue, "[a]n insured's failure to strictly comply with the SFIP's provisions – including the proof-of-loss requirement – relieves the federal insurer's obligation to pay the non-compliant claim." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015). While it is regrettable that FEMA sent its denial letter before the inspection, that October 31, 2024 letter referenced the April 2024 claim and did not relieve Radhi of her obligation to submit a timely, SFIP-complaint proof of loss related to the September 2024 claim.[36] Indeed, just days before, on October 26, 2024, FEMA sent Radhi a letter reminding her of the proof-of-loss obligation with respect to the September 2024 claim.[37] Radhi has not cited, and the Court is not aware of, any legal authority relieving an insured from the proof-of-loss requirement due to any actions on the part of the insurer or its adjuster. Accordingly, Radhi's breach-of-contract claim regarding the September 2024 event must be dismissed.[38]

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that FEMA's motion for summary judgment (R. Doc. 10) is GRANTED, and Radhi's claims are DISMISSED WITH PREJUDICE.

---

[36] R. Doc. 10-2 at 125.

[37] *Id.* at 124.

[38] FEMA also seeks dismissal of any extra-contractual state-law claims that may have been alleged in the complaint. R. Doc. 10-1 at 11-12. To the extent Radhi alleges such claims, they are dismissed with prejudice as preempted by federal law. *McQuaig v. Imperial Fire & Cas. Ins. Co.*, 2026 WL 878453, at *4 (E.D. La. Mar. 31, 2026) (citing *Wright v. Allstate Ins. Co. (Wright I)*, 415 F.3d 384, 390 (5th Cir. 2005), and *Wright v. Allstate Ins. Co. (Wright II)*, 500 F.3d 390, 398 (5th Cir. 2007)).

New Orleans, Louisiana, this 3rd day of June, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE